IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| ABN AMRO Mortgage Group, Inc., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 7:05-1720-RBH-WMC |
| SAJJ, LLC, doing business as U.S. Capital of South Carolina and U.S. Capital Funding, | ) **O R D E R** |
| Mark Anderson, also known as Mark D. Anderson, doing business as Creative Solutions Group, | ) |
| Mark Stewart, also known as Mark A. Stewart, doing business as Creative Solutions Group, | ) |
| Alex J. Newton, | ) |
| Morris Hardwick Schneider, LLC | ) |
| H. Michael Spivey, | ) |
| Nicholas D. Atria, | ) |
| Charles L. Grogan, | ) |
| Charles W. Grogan, | ) |
| Eunice F. Grogan, | ) |
| The Epps Company, Inc. | ) |
| Byron B. Epps, and | ) |
| Wilmer Raymond Ammons, | ) |
| Defendants. | ) |

This matter is before the court on the motion of defendant Epps to reconsider and/or amend the protective order issued by this court on December 22, 2005. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

This litigation concerns a group of consumer mortgage loans now owned by the plaintiff. The plaintiff claims that a series of bad acts by the defendants related to the origination of those mortgage loans deceived it as to the true nature of the transaction and the value of the real property offered as mortgage collateral and that those bad acts caused the plaintiff damages.

In discovery, the parties have requested information and documentation that relate to those consumer mortgage loans. A protective order with regard to that information was entered by this court on December 22, 2005 (first protective order). Also in discovery, the parties have requested information and documentation that relate to the plaintiff's business practices, policies, and procedures. A protective order with regard to that information was entered by this court on February 1, 2006 (second protective order).

With regard to the second protective order, the defendants had no objection to the court entering a protective order concerning the information encompassed by the motion; however, they did oppose two of the requirements sought by the plaintiff. Those requirements provide that the parties will ensure that the confidential information is segregated in their files and made available for review only by attorneys and staff involved in this matter, the parties, experts, and appropriate court personnel. The opposed requirements further provide that counsel for each party shall maintain a record of all copies made of the confidential information and shall ensure that all copies are returned to counsel at the termination of this action. The opposing defendants argued that these requirements are unnecessary and will result in added expense and time on their part.

On January 23, 2006, defendant Epps filed a motion to reconsider and/or amend the first protective order. Epps opposes the same language for the same reasons as in his opposition to the second motion for protective order. This court finds that the requested language requires minimal action by the parties and will assure that the confidential and proprietary information is appropriately protected. Accordingly, the motion to reconsider is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

February 15, 2006

Greenville, South Carolina