IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| ABN AMRO Mortgage Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 7:05-1720-RBH-WMC |
| SAJJ, LLC, doing business as U.S. | ) | |
| Capital of South Carolina and U.S. | ) | |
| Capital Funding, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | | **O R D E R** |
| ABN AMRO Mortgage Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Investors Title Insurance Company | ) | Civil Action No. 7:06-1162-RBH-WMC |
| and Chicago Title Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motions of the plaintiff in the above captioned cases.

In *ABN AMRO v. SAJJ, LLC*, No. 7:05-1720 (the "SAJJ case"), the plaintiff mortgage lender alleges claims of professional negligence, breach of contract, unfair trade practices, and conspiracy against a group of attorneys, appraisers, mortgage brokers, and property sellers. One of the defendants in the SAJJ case is proceeding pro se. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In *ABN AMRO v. Investors Title Insurance Company*, No. 7:06-1162 (the "Title Insurance case") the same plaintiff alleges that two title insurance companies have wrongfully denied coverage for losses stemming from acts attributable to attorneys named in the SAJJ case. That case was referred to this court for pretrial matters by the Honorable R. Bryan Harwell, United States District Judge.

In both cases, the plaintiff has moved for confidentiality orders with respect to certain documents. The Consent Confidentiality Orders in place in both cases allow the parties the opportunity to request greater protection than required by the order if any party believes there are documents responsive to discovery that warrant greater protection than allowed by the Consent Confidentiality Order. Specifically, the plaintiff requests that access to two reports, the Ernst Report[1] and the Deloitte Report,[2] be restricted to counsel and counsel's necessary staff. The plaintiff further requests that if any of the attorneys want others to be able to review the reports, the attorneys be required to file an appropriate motion with the court requesting modification to the protective order to allow designated individuals to review the report. Georganna Pate, a First Vice President of ABN AMRO Mortgage Group, Inc., provided an affidavit stating that the reports "describe proprietary servicing and operations specifications that would provide ABN AMRO Mortgage Group, Inc.'s competitors with information that would provide them with a competitive advantage" (Pate aff. ¶ 3). Ms. Pate further testified in her affidavit that the reports "contain trade secrets that ABN AMRO Mortgage Group, Inc. guards and protects as confidential" (Pate aff. ¶ 4).

Several of the defendants in both cases filed oppositions to the motions, arguing that none of the defendants are competitors of the plaintiff. They further contend

---

[1] This is a February 25, 2005, Ernst and Young Report on Management's Assertion on Compliance with Minimum Servicing Standards Set Forth in the Uniform Single Attestation Program for Mortgage Bankers.

[2] This is a November 15, 2004, Deloitte & Touche LLP Report on Controls Placed in Operation and Tests of Operating Effectiveness.

2

that the current confidentiality orders already in place provide adequate protection for the documents. Those orders already provide that the parties must receive the plaintiff's consent or the court's permission before producing confidential documents to other persons not listed in paragraphs 5(b)(1)-(4) of the Confidentiality Orders. Accordingly, the only persons to be affected by such an order would be court reporters and defense experts. The defendants argue that they cannot prepare an effective examination of the plaintiff's expert without consulting with their own experts on the same reports. Further, prohibiting the defendants from disclosing the reports to court reporters would prevent the defendants from examining the plaintiff's expert about the reports on deposition.

Wherefore, based upon the foregoing, this court finds that the plaintiff has failed to show good cause for further restricting access to the reports. Accordingly, the motions for confidentiality order in the above referenced cases are denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

December 19, 2006

Greenville, South Carolina