UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ABN AMRO Mortgage Group, Inc. ) | Civil Action No.: 7:05-1720-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SAJJ, LLC, doing business as U.S. Capital ) | |
| of South Carolina and U.S. Capital Funding, ) | |
| Mark Anderson, also known as Mark D. ) | |
| Anderson, doing business as Creative ) | |
| Solutions Group, Mark Stewart, also known ) | |
| Mark A. Stewart, doing business as Creative ) | |
| Solutions Group, Alex J. Newton, Morris ) | |
| Hardwick Schneider, LLC, H. Michael ) | |
| Spivey, Nicholas D. Atria, Charles L. ) | |
| Grogan, Eunice F. Grogan, as Personal ) | |
| Representative of the Estate of Charles W. ) | |
| Grogan, Eunice F. Grogan, The Epps ) | |
| Company, Inc., and Byron B. Epps, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff filed this action, alleging unfair trade practices, fraud, negligent misrepresentation, civil conspiracy, and violations of RICO against various defendants, including a party who is proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in cases involving a *pro se* party are referred to a United States Magistrate Judge for consideration. This case was referred to Magistrate Judge William M. Catoe.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe as to [159] Motion for Summary

Judgment by defendant, Nicholas D. Atria. In his Report, Magistrate Judge Catoe carefully considered the issues and recommended that the defendant Atria's motion for summary judgment on the basis of the statute of limitations be denied.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Defendant filed objections to the Report on March 27, 2006. In his objections, the defendant contends that the Magistrate Judge's statement of the facts is incorrect. However, he does not allege any specific error as to the findings regarding the statute of limitations.

Defendant Atria contends that the plaintiff's case is barred by the applicable three-year statutes of limitations. *See* S.C. Code Ann. § 15-3-530(5) (tort actions for fraud, negligent misrepresentation, civil conspiracy, and negligence) and S.C. Code Ann. § 39-5-150 (unfair trade practice). Atria contends that, since the action arises from a real estate closing, the statute of limitations began to run on the date of the closing (February 21, 2002) or shortly thereafter and expired before the plaintiff's complaint was filed on June 15, 2005. The plaintiff, on the other hand, contends that it did not discover the problems with the loan closed by the defendant until after the borrower failed to make the payment due in

December 2002. It further asserts that it did not discover the problems with the portfolio of loans that are the subject of this action until after it stopped purchasing loans from the broker which did business as U.S. Capital in January of 2003.

After reviewing the objections, this Court finds that the Magistrate Judge properly found that the plaintiff's claims against the defendant are not barred by the applicable three-year statute of limitations. Under the "discovery rule" followed by South Carolina, the statute of limitations begins to run when the injured party knows or, "by the exercise of reasonable diligence, should have known that he had a cause of action." S.C. Code Ann. § 15-3-535 (1976), as amended. He also properly relied upon the South Carolina Supreme Court case of True v. Monteith, 489 S.E. 2d 615, 617 (S.C. 1997), for the proposition that " a client should not be expected to investigate an attorney's loyalty every time the attorney provides the client with counsel the client dislikes."

Moreover, the Magistrate Judge properly states that material issues of fact remain which are relevant to the issue of the date on which the plaintiff should have known that it had a claim against the defendant. In fact, as noted hereinabove, the defendant's sole grounds for objection to the Report relate to a quarrel with the facts referred to by the Magistrate Judge.[1] This, in and of itself, indicates that the parties dispute the facts which are pertinent to the applicability of the statute of limitations.

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court adopts the Report and Recommendation and incorporates it herein by reference.

Accordingly, all objections are overruled. The defendant Atria's motion for Summary Judgment on the basis of the statute of limitations is **DENIED** without prejudice to the defendant to raise the issue at an appropriate point in the proceeding, after the facts are fully developed.

---

[1] The Magistrate Judge made clear in his Report that he was viewing the facts in the light most favorable to the plaintiff, as is required on motion for summary judgment.

**AND IT IS SO ORDERED**.

|  |  |
|---|---|
| March 15, 2007 | s/R. Bryan Harwell |
| Florence, SC | R. Bryan Harwell |
|  | United States District Judge |